IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| DARRELL PICKENS, PRO SE, § | |
| TDCJ-CID #604003, § | |
|     Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0272 |
| § | |
| JOE NUNN; FRANK POHLMEMIER; § | |
| RODNEY QUALLS; JOHN JOWERS; § | |
| MIKE ROWLAND; § | |
| TIMOTHY CROWFORD; § | |
| TOMMY NEW; ERNESTO PADILLA; § | |
| WALTER WORSHAM; § | |
| STEVEN McCOY; ELIAS MARTINEZ; § | |
| KEITH ODELL; CYNTHIA HARRELL; § | |
| FNU TURNER; ROBERT PRINGLE; § | |
| FNU PRINGLE; FNU SILVAS; § | |
| COREY CHANDLER; FNU PENA; § | |
| JOHN DOE; RICHARD DOE; § | |
| PETER MOE; ZONIA SCOTT; § | |
| KATHRYN HOUSE; § | |
| MARION SUTTON; § | |
| JULIE SANDERFORD; and § | |
| TAMMY HALLBURGH, § | |
| § | |
|     Defendants. § | |

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS,
MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff DARRELL PICKENS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has requested permission to file suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has submitted an application to proceed in forma pauperis.

Under the "three strikes" provision of the Prison Litigation Reform Act, a prisoner who has had three prior civil actions or appeals, brought during detention, dismissed as frivolous,

malicious, or for failure to state a claim, is barred from further proceeding in forma pauperis in such actions, unless the case fits into the narrow exception enumerated in Title 28, United States Code, section 1915(g).  A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, "but he or she must do so without the aid of the i.f.p. procedures." *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

Plaintiff has previously been found to have accumulated three "strikes[1]" under the PLRA and, for that reason, suffered the April 20, 2004 dismissal of cause no. 2:04-CV-0085 in the instant court.

By his present motion, plaintiff complains of the dismissal of 2:04-CV-0085 by this Court and of the progress of 2:04-CV-0223, asking the United States Magistrate Judge to review all motions he submitted in 2:04-CV-0223 after its transfer to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Plaintiff's attempts to resurrect 2:04-CV-0085 and 2:04-CV-0223 as initially filed in this Court are unavailing.  Plaintiff is presently housed at the Preston E. Smith High Security Unit in Dawson County and does not plead that any of the defendants named in this suit are employed there.  Instead, it appears they were all employed at the Clements Unit at times when plaintiff was housed there.

Plaintiff is suing defendants in whose custody and control he no longer resides and who are not placing him in imminent danger of serious physical injury.  Plaintiff attempts to surmount this obstacle by arguing he is in imminent danger from injuries he received previously

---

[1] Cause No. 1:96-CV-0103 was dismissed by the United States District Court for the Northern District of Texas, Abilene Division, on March 31, 1997 as frivolous, and no appeal was taken; Cause No. 2:95-CV-0285 was dismissed for frivolousness by the United States District Court for the Northern District of Texas, Amarillo Division, on June 25, 1998, and no appeal was taken; and Cause No. 2:96-CV-0095 was dismissed by the United States District Court for the Northern District of Texas, Amarillo Division, on November 13, 1998 for failure to state a claim, and no appeal was taken.

and which are not now receiving aggressive medical treatment; however, he does not allege any of the defendants are responsible for the present failure in medical treatment. These allegations are not sufficient to fulfill the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to proceed in forma pauperis is DENIED.

The instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

## WARNING

Plaintiff is warned that the re-submission of requests to proceed in forma pauperis on claims previously dismissed as insufficient to fulfill the statutory exception of Title 28, United States Code, section 1915(g), may constitute submission of malicious and frivolous documents for an improper purpose and may lead to the imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. Such sanctions may include, but are not limited to, a monetary sanction to be collected in whole or in part from plaintiff's inmate trust account.

IT IS SO ORDERED.

ENTERED THIS 19TH DAY OF OCTOBER 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE